```
                FILED       LODGED
                RECEIVED    COPY

                OCT 0 3 2011

            CLERK U S DISTRICT COURT
              DISTRICT OF ARIZONA
            BY                  DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation | MDL DOCKET NO. 09-2119-JAT |
| | **ORDER** |
| This Order Applies to: | |
| CV-10-218-PHX-JAT<br>CV-10-2569-PHX-JAT<br>CV-11-27-PHX-JAT<br>CV-11-173-PHX-JAT<br>CV-11-772-PHX-JAT | |

The Court now addresses four actions transferred by the Judicial Panel on Multidistrict Litigation (the "Panel") in MDL Conditional Transfer Orders (CTO-1), (CTO-10), (CTO-11) and (CTO-12). In the conditional transfer orders, the Panel stated, "All claims in these actions that are unrelated to the formation and/or operation of the MERS system are separated and simultaneously remanded, under 20 USC 1407, to their respective districts." Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (collectively, "MERS" or "Moving Defendants") and various other parties have set forth which claims, if any, in each of the various cases relate to the formation and/or operation of MERS.[1]

---

[1] The parties have fully briefed this issue pursuant to the Court's Orders on Practices and Procedures (Doc. 1254, 1414). Although the parties sought "remand" of certain claims to the transferor court, under Section 1407(a), remands to a transferor court can only be effected by the Judicial Panel on Multidistrict Litigation. 28 U.S.C. § 1407; *see also* R.P.J.P.M.L. 7.6. The Court, thus, stresses that this order is solely a determination of which

This Order now sets forth the remand status for the above-captioned cases.[2]

## I. General Interpretation of the Transfer Order

In the initial transfer order, the Panel transferred to this Court all allegations within these actions that "the various participants in MERS formed a conspiracy to commit fraud and/or that security instruments are unenforceable or foreclosures are inappropriate due to MERS's presence as a party" or that otherwise concern the "formation and operation" of MERS. (Doc. 1.) However, the Panel simultaneously remanded unrelated claims to their transferor courts, finding that "plaintiffs' claims relating to loan origination and collection practices do not share sufficient questions of fact with claims regarding the formation and operation" of MERS and their inclusion "would needlessly entangle the litigation in unrelated, fact-intensive issues." *Id.* This remand also applies to the tag-along actions discussed in this order.

Accordingly, this Court will not retain claims that, although naming MERS as a defendant, allege conduct primarily related to loan origination and collection practices, or otherwise stray from the common factual core of the MDL. Only causes of action that in essence turn on the formation or operation of MERS, no matter how framed, have been transferred to the undersigned.

_____

claims are pending before this Court and which claims remain in their respective transferor courts, pursuant to the Panel's transfer orders.

[2] Listed below are the first plaintiff's name and the original jurisdiction case numbers for the cases addressed herein:

| First Plaintiff's Name | Arizona Case Number | Original Jurisdiction Case Number |
|---|---|---|
| Mesi | CV-10-218-PHX-JAT | 3:09-cv-582 (D. Nev.) |
| Ahmadi | CV-10-2569-PHX-JAT | 3:10-cv-587 (D. Nev.) |
| Rollins | CV-11-27-PHX-JAT | 1:10-cv-3831 (N.D. Ga.) |
| Lee | CV-11-173-PHX-JAT | 1:10-cv-687 (D. Haw.) |
| Grundel | CV-11-772-PHX-JAT | 3:11-cv-208 (D. Nev.) |

Moving Defendants filed two Motions to Remand Certain Claims (Doc. 1304, 1425). Several defendants filed responses to the first Motion to Remand (Doc. 1340, 1344, 1345). MERS replied (Doc. 1367).

**II. Claims on Which the Parties Do Not Agree[3]**

### A. Three Claims in *Lee*

Moving Defendants argues that all of these claims have been transferred to the MDL. Defendant Countrywide argues that claims 1, 3, and 4 have been split with part of each claim transferred to the MDL and part of each claim remanded to the respective transferor court. The Court finds that these claims have been transferred in their entirety.

### B. Two Claims in *Ahmadi*

Moving Defendants argue that claims for debt collection violations (claim three) and violations of the unfair lending practices act (claim five) have been remanded to the transferor court, while Defendant Aurora argue that claim three has been split and claim five has been transferred to the MDL. These claims are unrelated and have been remanded.

### C. All Five Claims in *Rollins*

Plaintiffs argue that none of their case should be transferred to this MDL. They are mistaken. The *Rollins* case is based on the MERS system and how the system works and is transferred in its entirety.

Accordingly,

**IT IS ORDERED** that the Motions to Remand Certain Claims (Doc.1304, 1425) are GRANTED as follows:

With respect to *Mesi* claims 1, 4, 7-10, 14 and part of claim 2 remain with the undersigned as part of the MDL and claims 3, 5, 6 and part of claim 2 have been remanded to the transferor court.

---

[3] Where the parties agree as to the proper determination of a claim, the Court adopts the parties' determination unless otherwise noted.

With respect to *Lee* claims 1, 3, 4, and 5 and part of claim 6 remain with the undersigned as part of the MDL and claim 2 and part of claim 6 have been remanded to the transferor court.

With respect to *Ahmadi* claims 1, 4, and 7-11 and part of claim 2 remain with the undersigned as part of the MDL and claims 3, 5, and 6 and part of claim 2 have been remanded to the transferor court.

With respect to *Rollins* the entirety of the case shall remain with the undersigned.

With respect to *Grundel* claims 1-3, and 5-9 remain with the undersigned as part of the MDL and claim 4 has been remanded to the transferor court.

**IT IS FURTHER ORDERED** that MERS shall file a copy of this Order with the each transferor court within the next two business days.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this Order in each member case listed on page 2.

**IT IS FURTHER ORDERED** that with respect to any claims that are staying with this Court, Defendants shall answer or otherwise respond to those claims within the time limits set in the Practice and Procedure Order (Doc. 25); with respect to any claims that have been remanded to the transferor courts, Defendants shall answer or otherwise respond to those claims within fifteen days of this Order, unless any order of the transferor court is inconsistent with this Order, in which case, the order of the transferor court shall control.

**IT IS FURTHER ORDERED** within 12 days of this Order, MERS shall file all documents related to a case bifurcated herein into the record of the transferor court in that particular case. (Because this Court will not transfer the entire MDL file and docket to any individual transferor court, this will insure the Judge in the transferor court has a complete record for that specific case).

DATED this 30th day of September, 2011.

James A. Teilborg
United States District Judge

- 4 -

I hereby attest and certify on 10·3·11 that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA

By _____ Deputy