# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ABDOLHAMID AHMADI,<br><br>    Plaintiff,<br><br>v.<br><br>WILSON RESOURCES, INC., et al.,<br><br>    Defendants. | 3:10-cv-587-RCJ-VPC<br><br>**ORDER** |

Currently before the Court is a motion to dismiss the complaint for failure to state a claim (#20) and a motion to expunge lis pendens (#21) filed by Defendants Aurora Loan Services, LLC; Lehman Brothers Bank, FSB; MERSCORP, Inc.; and Mortgage Electronic Registration Systems, Inc. (collectively "Defendants"). Because Plaintiff has failed to state a claim on all of his causes of action, Defendants' motions to dismiss is granted. Defendants' motion to expunge lis pendens is however denied.

## BACKGROUND[1]

Plaintiff Abdolhamid Ahmadi is the owner of real property located at 2331 Tangerine Street, Sparks, Nevada 89434 (the "Property"). (Compl. (#1-2) at 3). To finance the purchase of the Property, Plaintiff obtained a loan from Wilson Resources, Inc. in the amount of

---

[1] Defendants have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Mot. to Dismiss (#20) at 2 n.2). The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

$188,000.00, which was secured by a deed of trust executed on January 22, 2007 (the "Deed of Trust"). (Deed of Trust (#20-2) at 1-2). The Deed of Trust lists Wilson Resources, Inc. as lender, Stewart Title of Northern Nevada as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary. (Id.).

The servicing rights on the Deed of Trust were transferred from Wilson Resources, Inc. to Lehman Brothers Bank, FSB on March 1, 2007 and Aurora Loan Services, LLC was named the new servicer on the same day. (Compl. (#1-2) at 4). Plaintiff later defaulted on the loan secured by the Deed of Trust. (Notice of Default (#20-4)). On January 30, 2008, MERS substituted the Cooper Castle Law Firm as trustee, and this substitution of trustee was recorded with the Washoe County Recorder on April 13, 2009. (Substitution of Trustee (#20-3)). The Cooper Castle Law Firm then recorded a notice of default and election to sell under deed of trust on April 13, 2009. (Notice of Default (#20-4)). On January 20, 2010 the Cooper Castle Law Firm recorded a notice of trustee's sale and the Property was subsequently sold to Federal Home Loan Mortgage Corporation for $137,000.00. (Trustee's Deed (#20-6)). The trustee's deed upon sale was recorded by the Cooper Castle Law Firm with the Washoe County Recorder on July 26, 2010. (Id.).

Plaintiff filed his complaint on August 24, 2010 claiming eleven causes of action, including: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations under NRS § 649.370; (4) unfair and deceptive trade practices under NRS § 598.0923; (5) unfair lending practices under NRS § 598D.100; (6) violation of the covenant of good faith and fair dealing; (7) violation of NRS § 107.080; (8) quiet title; (9) fraud through omission; (10) fraud in the inducement; and (11) unjust enrichment. (Compl. (#1-2) at 24-61). Plaintiff recorded a lis pendens on the Property the same day he filed his complaint. (Notice of Lis Pendens (#1-2)).

This case was then transferred by the Judicial Panel on Multi-District Litigation to the *In re Mortgage Electronic Registration Systems, Inc. (MERS) litigation* MDL proceeding in the District of Arizona under Judge Teilborg. (Transfer Order (#12)). On October 3, 2011 the following claims were remanded to this Court: (a) part of Count 2 for declaratory relief; (b) Count 3 for debt collection violations; (c) Count 5 for unfair lending practices; and (d) Count

6 for violation of the covenant of good faith and fair dealing. (MDL Order (#17) at 4). The remaining claims were kept by the MDL Court.

On October 18, 2011, Defendants filed a motion to dismiss the causes of action which had been remanded to this Court for failure to state a claim and a motion to expunge the lis pendens on the Property (Mot. to Dismiss (#20); Mot. to Expunge Lis Pendens (#21)).

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Defendants have filed a motion to dismiss the four causes of action that were remanded to this Court for failure to state a claim and a motion to have the lis pendens expunged. (Mot. to Dismiss (#20); Mot. to Expunge Lis Pendens (#21)). As Plaintiff has failed to state a claim on all of the remaining causes of action, Defendants' motion to dismiss is hereby granted. However, because this Court lacks jurisdiction to expunge the lis pendens, the motion to expunge lis pendens is denied.

I.  **Plaintiff's Motion to Dismiss**

   A.  **Debt Collection Violations (Count 3)**

In Plaintiff's cause of action for debt collection violations under NRS § 649.370, Plaintiff has failed to state a claim because Defendants are not debt collectors as required by the statute. NRS § 649.370 states that a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., along with all regulations adopted under this Act is a violation of Nevada law. For a defendant to be liable for a violation of the FDCPA, the defendant must be classified as a "debt collector" within the meaning of the Act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943, at *3 (D. Nev. 2010). A "debt collector" is defined by the FDCPA as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, at *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev. 2009)). As Defendants here are foreclosing on the Property pursuant to a deed of trust, they do not qualify as "debt collectors" within the meaning of the FDCPA, and consequently neither the FDCPA nor NRS § 649.370 apply.

### B. Unfair Lending Practices (Count 5)

The Court also dismisses Plaintiff's third cause of action for unfair lending practices under NRS § 598D.100 because the statute of limitations has run on this claim and because Defendants did not originate the loan. Plaintiff alleges Defendants engaged in unfair lending practices by luring Plaintiff into obtaining the loan based solely on the future equity of the home in violation of NRS § 598D.100. (Compl. (#1-2) at 27). An action "upon a statute for a penalty or forfeiture" has a two-year statute of limitations, unless the statute provides otherwise. NEV. REV. STAT. § 11.190(4)(b). The plain language of the statute indicates that it is a statute for a penalty and does not contain its own limitations period, and consequently the statute of limitations period on this claim is two years. See NEV. REV. STAT § 598D.110. As the loan was extended in 2007 and Plaintiff did not file his complaint until 2010, the statute of limitations has run on this claim. Additionally, NRS § 598D.100 only applies to lenders and not to parties who did not originate the loan. NEV. REV. STAT. § 598D.100 (stating it is an unfair lending practice for a *lender* to engage in the prohibited conduct); *Velasquez v. HSBC Mortg. Serv.*, 2009 WL 2338852, *3 (D. Nev. 2009) (dismissing a claim against defendants who were not the originators of the loan). Defendants did not originate the loan in question, and consequently this cause of action lacks merit.

### C. Violation of the Covenant of Good Faith and Fair Dealing (Count 6)

Plaintiff has also failed to state a claim for violation of the covenant of good faith and fair dealing. Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205). To succeed on a cause of action for breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

Defendants first allegedly violated the covenant of good faith and fair dealing by offering Plaintiff consideration for loan modifications, falsely telling him the foreclosures would be postponed. (Compl. (#1-2) at 35-36). Yet Plaintiff has provided no information that confirms the existence of a loan modification agreement or contract between the parties. See Perry, 900 P.2d at 338 (requiring the plaintiff to show the existence of a contract to state a claim for breach of the covenant of good faith and fair dealing). Plaintiff also argues Defendants violated the covenant of good faith and fair dealing by frustrating the legitimate purposes of the mortgage contract. (Compl. (#1-2) at 36-37). Foreclosing upon a loan where such foreclosure is permissible by law and the loan agreement does not deprive Plaintiff of any justifiable expectations as he consented to the arrangement.

### D.   Declaratory Relief (Count 2)

In Count 2 of the complaint, Plaintiff seeks declaratory relief that Defendants did not have an interest in the Property, had no right to foreclose, and had no right to cloud Plaintiff's title to the Property. (Compl. (#1-2) at 28-29). Declaratory relief however is not a cause of action, but a remedy and therefore Plaintiff's claim for declaratory relief is dependent upon Plaintiff's other claims. Dalton v. Citimortgage, Inc., 2011 WL 221715, at *3 (D. Nev. 2011). As Plaintiff has failed to state a claim on all of his other causes of action, Plaintiff's claim for declaratory relief has not stated a claim for relief and is accordingly dismissed without leave to amend.

### E.   Sua Sponte Dismissal of the Claims Against the Remaining Defendants

As Plaintiff has failed to state a claim in any of his causes of action, the Court sua sponte dismisses all claims against the remaining, non-moving defendants without leave to amend.

## II.   Motion to Expunge Lis Pendens

Defendants have also requested that the Court expunge the recorded lis pendens. (Mot. to Expunge Lis Pendens (#21)). This motion is denied because the Court lacks jurisdiction to grant the request. Pursuant to 28 U.S.C. § 1407, any action transferred to another court by an order of the Judicial Panel on Multidistrict Litigation divests the transferor court of

jurisdiction over any pretrial motion or pleading unless the action, or any separate claim or cross-claim, has been remanded to the transferor court. See 28 U.S.C. § 1407(a); Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 427 (2001).

Here, Judge Teilborg issued an order of remand in this action only as to certain claims. As such, this Court has jurisdiction over this action only as it relates to these claims. Defendants' request to expunge lis pendens affects the relief available to Plaintiff over claims that were not remanded to this Court which may impact the title to the Property. Therefore, the Court is without jurisdiction to entertain the request to expunge lis pendens and denies it accordingly. See Lee v. Sierra Pacific Mortg. Co., 2011 WL 5373983, at **4-5 (D. Nev. 2011) (denying the defendants' motion to expunge lis pendens for lack of jurisdiction where other claims were still pending before the court appointed by the Judicial Panel on Multidistrict Litigation). The Court however notes that none of the remanded causes of action support the continuation of the lis pendens and Judge Teilborg is free to grant Defendants' motion should the MDL Court find the causes of action which were not remanded similarly do not warrant a lis pendens.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' motion to dismiss (#20) is granted without leave to amend.

IT IS FURTHER ORDERED that the Court sua sponte dismisses the remaining defendants from this case without leave to amend.

IT IS FURTHER ORDERED that Defendants' motion to expunge lis pendens (#21) is denied.

DATED: This 11th day of May, 2012.

_____
United States District Judge